I wish to first, if it would please the court, advise as to where I intend to go with this very complex set of issues. And first, the biggest concern that the petitioner has is that she's been wrongfully found to, and wrongfully conceded by ineffective assistance to counsel, to be an aggravated felon. And from that wrongful concession, due to ineffective assistance to counsel, all other constraints followed, and various procedural maladies. So I wish to address the issue as to whether or not she is an aggravated felon, and then discuss ineffective assistance to counsel, should the court permit, and address Lozada if the court has any concerns, and then I'll reserve any discussion on whether or not she's been a serious crime, and is precluded from withholding a removal. Well, okay, to the extent that the determination that a conviction is a serious crime is a discretionary determination, it's not subject to judicial review. What's your constitutional claim or question of law that you raise, arguing that her drug convictions were not serious crimes? Well, if she's not an aggravated felon, then she hasn't been convicted of a particularly serious crime. So I'd really like to go to the heart of the matter. You claim in this case that the question of whether it's an aggravated felony is a question of law? Yes. Very much so, Your Honor. Go ahead. She has been convicted under 11378 California Penal Code. And as such, she conceded erroneously through one of three prior counsels before present counsel that she was an aggravated felon. She was made to do this. 11378 is a divisible statute. And under the two forms of analysis as to whether or not she is an aggravated felon, first, whether or not she has an illicit trafficking conviction involving two issues, whether or not it's a felony, conviction is a felony, and whether or not there's a traffic element to that felony. And second, whether or not she's convicted of a drug trafficking crime under 18.924C, she says as follows. Now, looking at the first part of the analysis, whether or not she has an illicit trafficking conviction, we use the modified categorical analysis to look at 111378, which holds that she's been convicted for a person as a person who possesses for sale any controlled substance. And we have to find divisibility there. Look at the next statute over, 111379. 78 has no specific intent for the person who Look at 79. You'll see lots of activities that require specific intent. But the Court used the modified categorical analysis to find that transport, maybe transport for one's own use, not necessarily for sale. And that conviction record Don't you to get to that point? Well, no, no, Your Honor, because we go back to 78, and we could find, as we would need to look at the facts in dealing with withholding, what would be presented arguendo hypothetically to analyze a modified categorical analysis, that one person can hold at the behest of another person who wishes to sell, which is exactly what happened in this case. She was basically an abused spouse involved in a dangerous relationship with a drug salesman who was Did you make that argument to the BIA? Absolutely. The BIA simply ignored it. I made it to the immigration judge. The judge simply ignored it. And they ignored it simply because the concession, the initial concession that she was an aggravated felon. I'm sorry. Usually I have to tell people to speak up. You can pull back a little. Thank you. The initial concession that she was an aggravated felon was made in order to change venue. And it was in reliance on a case called Matter of Alaskas, where somebody wanted to change venue, but did not want to concede removal on an entry violation. The government saying that they'd have to transport witnesses said, no, you can't have it that way. You have to balance our concerns against yours. And we have to transport this witness to testify against you. No, no, no. You need to concede first. Well, in this case, we have a permanent resident. And what is needed to sustain grounds of removal are documents which travel with her file. So there'd be no hardship for the government. And there is no reason for either the immigration to impose Velasquez on that case requiring concession that she's an aggravated felon or to change venue. Nor did prior counsel, who was legal aid, overburdened and overworked and underfunded, have to necessarily concede. I want to address that issue, because I think that Lazada is inapplicable in this case. Because the ineffective assistance is clear on the record. Let me ask you a question. Yes, sir. You may be able to get an answer. I recognize that you are saying that they based it on a concession. Let's assume that we would agree with you that her concession is not enough. We need to look and see as a matter of law whether this was an aggregated felony. What is on the other side of the ledger to say that it is not? What's on the other side of the ledger to say that it is not an aggregated felony? She gets cancellation of removal. She has five U.S. citizen kids, ages 17 to one year. She's going to be banned. She's an aggravated felon. She's going to be deported and banished for life. I don't think that's what Judge Ferris is asking. Excuse me, Your Honor. Can you clarify? He's saying what's in the record to say this is not an aggravated felon. I understand. The statute itself is divisible. The information, the criminal information goes only as specific as to say that she possessed for the purposes of trafficking. Well, a purpose is not specific intent. We all can be unwittingly involved in purposes of another. And that's exactly, again, what the criminal record and the statute allowed in this case. Did I sufficiently answer your question, Your Honor? Well, what you're saying is... The defense is the best of your ability based on this record. What you're saying is that the statute, first of all, is not an aggravated felony under the categorical test of Taylor, right? Exactly, Your Honor. Because it's broader than drug trafficking offense. Exactly. And the conviction record doesn't sufficiently narrow it down either. Would you let me finish? Excuse me, Your Honor. Because it's possible... I'm having to be a referee here. It's possible to be convicted under that statute of a crime that's not a drug trafficking offense as defined in the Federal statute, right? That's number one. So it's not a categorical crime under the statute, right? And number two, there's no evidence in this record from which you can apply the modified categorical test, right, to bring her... Correct in order to sustain charges. Because there's nothing in the record to show that she was convicted of that part of the statute which would make it a drug trafficking crime. That's what I'm arguing, Your Honor. But the government's argument is what? You waived that, right? The government's argument is you waived. You've exhausted. And you waived due to ineffective assistance of counsel. But the ineffective assistance, if that argument should prevail, is clear on the record. All right. Do you want to save the balance of your time for rebuttal? Yes, Your Honor. Okay. Thank you. Good morning, Your Honors. Good morning, Your Honors. William Irb from the Department of Justice, representing the respondent in this matter, Alberto Gonzalez. Can we kind of focus this for you? So if you want to go ahead and respond. Absolutely, Your Honor. Our position, as we set forth in our brief, is that there's no need to go to the modified categorical approach, that the alien is, in fact, convicted of an aggravated felon based on the illicit trafficking of... What did you say? The A-L-J what? I'm sorry. What did you say? The I-J? Did you say the I-J found it was an aggravated felony on what basis? On... I'm not... I didn't understand your question. The I-J... The I-J... I understood what you said. Did the I-J make a... Possession of sale of methamphetines under California Code 11378. But she was... How do you... An aggravated felon... There's two charges in this case. The aggravated felon for illicit trafficking of a controlled substance and then possession of a controlled substance. But how do you know she was convicted of... She pled to it, Your Honor. She pled under the statute, under the California Code. She just pled to the statute, right? And the statute includes other crimes that are not trafficking. No, that's where the difference is with... Well, like, for instance, is... Are the parts of the statute that Mr. Gard mentioned drug trafficking crimes? Yes, they are, Your Honor. I mean, if you look at the plain language of the statute, it specifically says possession for sale. Or what else? That's it. Possession for sale. That's not the only act that's... If you look at the statute, there's three sections. Possession is 11377. That's mere possession. Then there's 11378, which is possession for sale. And then there's the section that Petitioner's Counsel is referring to about transportation. This alien was convicted and pled guilty to, pled guilty to 11378, which specifically states possession for sale. So you're saying that the record shows that she pled guilty only to the sale part of the statute? I mean, the possession for sale? Yes, Your Honor. There were two charges. There is two convictions in this case, and each of them were for possession for sale. There's nothing about mere possession, which this Court has found is not an aggravated felon. And the fact that now Petitioner, in the last five minutes, brings up the 11379 argument, which was not briefed and now has just been submitted as another argument presently, it's not in his brief, the charge, the 11. In what Judge Toshima is saying, under the sections that she was convicted, is there any way that it could be less than an aggravated felony? Does it cover conduct that could be less than that? No. That's our point, Your Honor, that there's no – the Court only has to go to the modified categorical approach if there's conduct that goes outside the charging conviction and under the definition of aggravated felon. In this case, we have the aggravated felon determination on 101A43, which is trafficking of a controlled substance. We clearly have under the 11378 the possession for sale. Our position is that there's no conduct outside of these two statutes, so you could not be convicted of possession for sale. The second of our position is, Your Honor, that she's also removable based on the fact that it's a controlled substance violation. Now, she pled guilty to possession of a set of methamphetamines. I mean, there's no other qualms from our perspective on whether or not she was convicted of it. All right. Take a minute to discuss your position on how his petitioner's contention about ineffective assistance plays into this element and the waiver, right, of a waiver of the issue of whether it's an aggravated felon. Right. What happened, Your Honor, is when the petitioner went before the board in a motion to reopen, basically trying to reverse acts that had occurred by prior attorney, they merely petitioned in the motion to reopen the finding or the question of whether or not she was eligible for withholding of removal. She pled and admitted during the deportation hearings that with her prior counsel that she was convicted of these charges and stated removal based on those charges. Now Petitioner's counsel, two counsels removed, then comes along in front of the board and tries with the motion to reopen to take back the language. But she does not, did not challenge the criminal convictions, but merely whether or not prior counsel made an error in admitting that she was ineligible for withholding of removal. The board then remanded the case, finding that prior counsel, not the one who did the initial admissions with the alien in front of the immigration judge, had presented was ineffective because he did not submit a brief to the Board of Immigration Appeals. That was the only issue that was presented in his motion to reopen, whether or not the question of removal and whether or not he had not submitted a brief. The board then sent it back down just to merely address the question of withholding of removal and then move forward in this case. And then Petitioner's counsel, throughout the different proceedings, has come back through the back door to attack the admissions in the earlier proceedings. But we would submit, Your Honor, either way, even if this Court found it had jurisdiction that there was not a waiver, that based on our analysis of the statute, the alien is clearly convicted of an aggravated felon, clearly of a controlled substance violation, and is ineligible for withholding a removal. As to the question of whether or not this Court has discretion, I mean, has jurisdiction to consider the discretionary determination that this was a particularly serious crime, we would submit that this Court does not, based on the statute and its own case law of the circuit. Let me ask this question now. Yes, Your Honor. Assuming we agree with you that the record supports the determination that the Petitioner is an aggravated felon, all right? That's correct. Does that mean do we still have jurisdiction to review the claim of ineffective assistance or not? No, you don't, Your Honor. We can't. Even under the Real ID Act, we can't review the ineffective assistance? By a failure. We have two jurisdictional questions here. One is whether or not an exhaustion argument almost trumps the constitutional argument that would be here. We would argue that.  That's correct, Your Honor. Except for that limited area. That's correct, Your Honor. All right. But we would submit, Your Honor, either way, at the end of the day, that if you want to look at the issue of whether or not the convict is an aggravated felon in substance. All right. I understand your position. Thank you. A few other points, if I may, Your Honor. Go ahead. In our letter brief, Petitioner speaks, you know, we would like to address a few issues. He raises in his brief regarding whether or not matter YL applies in this case. He says it's some kind of form of retroactive application of an attorney general decision. We would argue that there has been no retroactive application. The statute that the attorney general was interpreting in matter YL is the exact same statute when the alien pled guilty to when the Board of Immigration Appeals entered its final decision in this case. We'd further submit, Your Honor, that when the attorney general in matter YL actually overruled the Board, there was an adjudicated decision which can be applied retroactively to a case, you know, any case presented in front of the attorney general. Based on those points, Your Honor, we would submit that there has been no retroactive application of Section 241 in this case. All right. Thank you for your argument. Thank you, Your Honors. All right. You have a minute and 47 seconds. Initially, we must say that Petition never conceded of possession with intent to sell. Never was convicted of possession with intent to sell methamphetamine. First of all, is he correct that the statute is divided into three parts? No, it's just one part. As far as 11378, it's just one part. 78A, B, and C? No. No, it's just it refers to different subsections with regard to the types of drugs involved. And the court can look at the statute for that purpose. But we're, again, stating that she was never convicted of possession with intent to sell. As alleged in the jurisdictional briefs, she was convicted of possession for sale, including possession for somebody else to sell, possession for herself to sell, and the record does not distinguish which. In addition to that, with regard to prior counsel, there were three prior counsel before present counsel. The first conceded erroneously charges of removal. The second tried to contest this after working for a social service agency, after receiving the case from the sister social service agency, was prevented from doing so by the immigration court, and was to write a brief. The third had the case reopened after the board denied the case for failure to write a brief. The brief was going to contest that she's not an aggravated felon and that concessions were erroneous. But the brief never got written. By reopening and reciting failure to write a brief, the third counsel, who didn't  contest the issue, was an important issue. The board's remand was, therefore, unlawfully restricted. Please read Johnson v. Ashcroft in Matter of Patel. And I also refer the court with regard to the prior counsel, excuse me, with regard to government counsel's last argument to my petitioner's opening brief and how the attorney general disregarded legislative and jurisprudential history in promulgating that case. And in order to circumvent the Administrative Procedures Act and to legislate by administrative jurisprudence in an ultra-virus manner. All right. Your time is completed. Thank you. This matter will now stand submitted.
judges: Farris, Tashima, Callahan